**SO ORDERED.**
**SIGNED this 11th day of July, 2013**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  13-31273

SAMUEL LEON MADDOX
CHRISTIE SUE MADDOX
aka CHRISTIE SUE DOWLING
aka CHRISTIE SUE COWDEN
aka CHRISTIE SUE DOWLING COWDEN

Debtors

### MEMORANDUM AND ORDER

This contested matter is before the court on the Objection to Confirmation by Chapter 13 Trustee (Objection to Confirmation) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on June 13, 2013, objecting to confirmation of the Debtors' Chapter 13 Plan filed on April 3, 2013, as amended on May 23, 2013 (collectively, Plan).  By her Objection to Confirmation, the Chapter 13 Trustee objects, *inter alia*, to the treatment accorded UT Federal Credit Union (the Credit Union) at paragraph 11 of the Plan whereby the Debtors propose to cram down the Credit Union's claim

which is secured by a 2003 Mercedes E320. Paragraph 11 provides that the Credit Union will retain its lien and that "[u]pon completion of the plan and payment of the allowed secured claim, the Creditor shall release the lien and forward the title to the Debtor(s)." The Chapter 13 Trustee argues that this quoted provision violates 11 U.S.C. § 1325(a)(5)(B)(i), which provides in material part:

> (5) with respect to each allowed secured claim provided for by the plan—
>
> . . .
>
> (B)(i) the plan provides that—
>
> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>
> (bb) discharge under section 1328[.]

11 U.S.C. § 1325(a)(5)(B) (2006). Because the Credit Union will not receive what it would receive under nonbankruptcy law and because the Debtors are ineligible for a discharge, assuming a motion objecting to the discharge under 11 U.S.C. § 1328(f) is filed within the time required by Rule 4004 of the Federal Rules of Bankruptcy Procedure, the Chapter 13 Trustee contends that § 1325(a)(5)(B)(i) has not been complied with and that the Plan cannot be confirmed.

The Debtors commenced their Chapter 13 case on April 3, 2013. A copy of their Plan filed the same date was served on all parties in interest, including the Credit Union, on April 7, 2013. The Credit Union filed an Objection to Confirmation of Chapter 13 Plan on May 16, 2013, which it withdrew in open court on May 29, 2013, after being served with a copy of the Amended Plan. The language in paragraph 11 of the Plan to which the Trustee objects was highlighted and made conspicuous in both the original and Amended Plan served on the Credit Union.

Section 1325(a)(5) provides three alternative methods by which a Chapter 13 debtor may deal with the holder of each allowed secured claim provided for by the plan – acceptance of the plan by the secured creditor (§ 1325(a)(5)(A)); compliance with the Chapter 13 cramdown provisions (§ 1325(a)(5)(B)); or surrender of the collateral to the secured creditor (§ 1325(a)(5)(C).

> Acceptance of a chapter 13 plan by the holder of an allowed secured claim provided for by the plan satisfies the confirmation standard of section 1325(a)(5) with respect to such secured claim. This alternative for protecting the holder of an allowed secured claim requires little explanation; if the holder of the claim is satisfied with its treatment under the plan, there is no need or justification for further scrutiny by the court.

8 COLLIER ON BANKRUPTCY ¶ 1325.06[2] (16th ed. 2012) (footnotes omitted).

Here, the Plan provides for the cram down of the Credit Union's allowed secured claim with a proviso that "[u]pon completion of the plan and payment of the allowed secured claim, the [Credit Union] shall release the lien and forward the title to the Debtor(s)." While this provision does not satisfy the § 1325(a)(5)(B)(i) requirement that the plan provide that the secured creditor retain the lien securing its claim until payment of the underlying debt under nonbankruptcy law or discharge, the Credit Union has not objected to this treatment, and its acceptance of the Plan satisfies the confirmation requirement of § 1325(a)(5)(A). Since the Credit Union, as the holder of the secured claim, is satisfied with its treatment under the Plan, there is no need for further scrutiny by the court.

Section 1302(b)(2) states that the Chapter 13 Trustee "shall appear and be heard at any hearing— that concerns confirmation of a plan." 11 U.S.C. § 1302(b)(2)(B) (2006). This section provides the Chapter 13 Trustee with standing "to raise any issue relevant to confirmation of a Chapter 13 plan." *In re Davis*, 411 B.R. 225, 228 (Bankr. D. Md. 2008) (citing *Andrews v. Loheit*

*(In re Andrews)*, 49 F.3d 1404, 1408 (9th Cir. 1995) ("The trustee's requirement [in Section 1302(b)] to 'appear and be heard' at a confirmation hearing would be illusory if the trustee could not object when the plan fails to comply with 'the provisions of this chapter and with the other applicable provisions of this title.'").

Here, however, § 1325(a)(5)(A) has been satisfied. The Credit Union has appeared and has accepted its treatment under the Plan. The court is cognizant of the fact that there are several other pending cases in which the Chapter 13 Trustee has interposed an objection to confirmation grounded on the § 1325(a)(5)(B)(i) requirement. While the Chapter 13 Trustee will need to analyze the facts of each of these cases to determine whether she desires to further prosecute her objection, the court will, for the benefit of both the Chapter 13 Trustee and secured creditors, state its opinion that the failure by a secured creditor to object to confirmation of a plan which provides for the treatment of its secured claim in a manner contrary to § 1325(a)(5)(B) constitutes an acceptance by the creditor of the plan. However, this court, as did the *Davis* court, adds the caveat

> that this doctrine can be applied only after strictly reviewing whether constitutionally mandated notice of the proposed treatment has been afforded to the effected creditor as required by due process. The United States Court of Appeals for the Fourth Circuit discussed due process in the context of a chapter 13 plans' Section 506(a) valuation in *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir. 1993). There the court wrote: "In order to satisfy due process requirements, 'the notice [of the proceedings] must be of such nature as reasonably to convey the required information....'" *Id.* at 162 (citing *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

*Davis*, 411 B.R. at 229. "At a minimum, due process requires that a proper and adequate notice contain a clear, open, and explicit statement of a secured creditor's treatment in a chapter 13 plan[.]" *In re Flynn*, 402 B.R. 437, 444 (B.A.P. 1st Cir. 2009). In this court's opinion, the due process

requirement is satisfied if the plan received by the creditor "openly and notoriously inform[s] the creditor of the proposed treatment" of its secured claim. *Davis*, 411 B.R. at 229.

For the above reasons, the Chapter 13 Trustee's Objection to Confirmation is OVERRULED with regard to the § 1325(a)(5)(B)(i) issue. The remaining objections will be heard on August 7, 2013, pursuant to the scheduling Order entered on July 10, 2013.

###